UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GARY REISER,

       Plaintiff

v.

COMMISSIONER OF SOCIAL
SECURITY,

       Defendant.

_____/

Civil Action No. 10-12250
District Judge Denise Page Hood
Magistrate Judge R. Steven Whalen

## REPORT AND RECOMMENDATION

Plaintiff Gary Reiser brings this action under 42 U.S.C. §405(g), challenging a final decision

of Defendant Commissioner that he was required to repay an overpayment of disability insurance

benefits ("DIB") in the amount of in the amount of $40,254.00.[1] Before the Court is Plaintiff's

December 13, 2010 letter, construed as a motion for summary judgment, contending that the

repayment should be waived due to his financial problems. Defendant filed a cross motion for

summary judgment on January 18, 2011. Both motions have been referred for a Report and

Recommendation pursuant to 28 U.S.C. §636(b)(1)(B). For the reasons set forth below, I recommend

that Defendant's motion for summary judgment be GRANTED and Plaintiff's motion DENIED.

## FACTUAL AND PROCEDURAL HISTORY

On February 14, 2002, Plaintiff was found disabled as of February 4, 2000 (Tr. 20).  On

February 25, 2004, the SSA determined that he was no longer disabled as of February 1, 2004 (Tr.

20).  Plaintiff filed a timely request for an administrative hearing, held on December 7, 2006 in

Lansing, Michigan, before Administrative Law Judge ("ALJ") Thomas Walters (Tr. 169).  On May

---

[1] Defendant states that because the Agency's Master Beneficiary Record showed that $1146.00 had been applied toward the overpayment, the outstanding balance as of January 18, 2011 was $39,108.00. *Defendant's Brief* at 5, *Dock. #14*.

24, 2007, ALJ Walters found that Plaintiff's disability ended as of February 1, 2004. Plaintiff

continued to receive DIB through the date of the administrative decision.

On June 9, 2007, Plaintiff was notified that he had been overpaid a total of $40,254 from the

cessation of disability to May, 2007 and that he was required to repay that amount (Tr. 14-15). In

August, 2008, he filed a request for a waiver, stating that he was not a fault for the overpayment and

that he could not afford to pay back the overpayment (Tr. 14). In September, 2008, Plaintiff's request

for a waiver was denied on the basis that although he was not at fault for the overpayment, he had

the means to reimburse the government in reduced monthly installments (Tr. 124, 126-127). On June

17, 2009, ALJ Thomas L. English conducted an administrative hearing at which Plaintiff testified (Tr.

198-211). On July 27, 2009, ALJ English found that although Plaintiff was without fault "in causing

and accepting the overpayment," recovery of the overpayment was "not against equity and good

conscience" (Tr. 16). On May 3, 2010 the Appeals Council, noting that Plaintiff had declined to

show  proof of changed financial circumstances since the administrative decision, corrected

typographical errors in the ALJ's determination but denied review  (Tr. 5-8). Plaintiff filed suit in

this Court on June 8, 2010.

### A.  Plaintiff's Testimony

Plaintiff, acknowledging the amount in dispute was approximately $40,000, noted that he was

originally informed that he must repay the SSA for childhood benefits for his children but that those

amounts (totaling approximately $20,000) had been waived (Tr. 200). He alleged that he "had no

concept" that he required to repay the amount paid to him after the February 1, 2004 medical

improvement decision, but did not deny that he signed a September 8, 2004 document stating that he

might be required to reimburse the SSA for monies received during the appeal process (Tr. 203-204).

He reported that he currently had $5,088 in a checking account (Tr. 207). Among his expenses,

Plaintiff reported that he paid $570 each year for a life insurance policy and had monthly bills including cell phone service ($115), satellite television ($65), and internet (broadband) ($39) (Tr. 207-208).  He indicated that his wife had filed for divorce two weeks before the hearing, stating that once the divorce was final, he planned to sell their home and live on his share of the equity (Tr. 209).

### B.  The ALJ's Decision

ALJ English found that Plaintiff was "without fault in causing and accepting the overpayment" (Tr. 15).  Noting that Plaintiff spent over $200 every month on the "luxuries" of life insurance, cell phone, satellite television and internet (broadband), he found that requiring Plaintiff to pay at least $200 toward the overpayment would not be "against equity and good conscience or defeat the purpose of Title II of the Social Security Act"[2] (Tr. 15).

### STANDARD OF REVIEW

The district court reviews the final decision of the Commissioner to determine whether it is supported by substantial evidence.  42 U.S.C. §405(g); *Sherrill v. Secretary of Health and Human Services,* 757 F.2d 803, 804 (6th Cir. 1985).  Substantial evidence is more than a scintilla but less that a preponderance. It is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Richardson v. Perales,* 402 U.S. 389, 401, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971) (*quoting Consolidated Edison Co. v. NLRB,* 305 U.S. 197, 229, S. Ct. 206, 83 L.Ed.126 (1938)). The standard of review is deferential and  "presupposes that there is a 'zone of choice' within which decision makers can go either way, without interference from the courts." *Mullen v. Bowen,* 800 F.2d 535, 545 (6th Cir. 1986)(en banc). In determining whether the evidence is

---

[2] The ALJ erroneously found that Plaintiff was paying $570 per month in life insurance, despite Plaintiff's testimony that he paid that amount for an entire year, suggesting that he  paid an average of $47 per month (Tr. 15, 60, 207).  Nonetheless, the ALJ's ultimate conclusion that Plaintiff spent over $200 each month on luxuries is not incorrect since the combined life insurance, cell phone service, satellite television, and internet would total $266.

substantial, the court must "take into account whatever in the record fairly detracts from its weight."

*Wages v. Secretary of Health & Human Services*, 755 F.2d 495, 497 (6th Cir. 1985). The court must

examine the administrative record as a whole, and may look to any evidence in the record, regardless

of whether it has been cited by the ALJ.  *Walker v. Secretary of Health and Human Services*, 884

F.2d 241, 245 (6th Cir. 1989).

## ANALYSIS

### A.  Defeating the Purpose of the Act

Plaintiff disputes the ALJ's finding that he was capable of reimbursing the overpayment

dating from May, 2004 through May, 2007.  *Plaintiff's Brief, Dock. #16.*

"The Social Security Act mandates repayment of overpayments except where an individual

'is without fault' *and* 'such adjustment or recovery would defeat the purpose of [Title II of the Social

Security Act] or would be against equity and good conscience.'" *Valley v. Commissioner of Social*

*Security,* 427 F.3d 388, 391 (6th Cir. 2005)(*quoting* 42 U.S.C. § 404(b))(emphasis added).  Consistent

with the ALJ's finding,  Defendant does not dispute that Plaintiff was "without fault in causing and

accepting the overpayment"[3] (Tr. 16 *citing* 20. C.F.R. § 404.507).   The Court therefore omits

discussion of this element.

 It does not automatically follow that because Plaintiff has been found "without fault" he is

entitled to a waiver.  "An individual who is without fault in receiving an overpayment may still be

required to repay, provided such a requirement 'would [not] defeat the purpose of this [Act nor]

would be against equity and good conscience.'"*Blackwell v. Secretary of Health and Human*

---

[3] Defendant's issue heading stating that the ALJ found "that Plaintiff was not without fault" is  stands contrary to the body of the text and is apparently a typographical error. *Defendant's Brief* at 9.

*Services,* 1989 WL 13069, \*2 (6th Cir. 1989)(*citing* 42 U.S.C. § 404(b)). "Repayment defeats the

purpose of the Act when it 'deprive[s] a person of income required for ordinary and necessary living

expenses'") *Id.*[4]  The plaintiff bears the burden of showing that repaying the overpayment would

deprive him of ordinary and necessary living expenses. *Pliley v. Sullivan,* 892 F.2d 35, 39 (6th. 1989).

Substantial evidence supports the ALJ's conclusion that Plaintiff was capable of   repaying

the overpayment by making installment payments of at least $200 each month (Tr. 16).  Citing

Plaintiff's monthly expenses at the time of hearing, the ALJ noted that he paid $570 a month for life

insurance (see fn 2), $63 for satellite television, $115 for cell phone service, and $39 for broadband

internet service (Tr. 15). Plaintiff was capable of obtaining life insurance with smaller monthly

premiums, canceling the satellite television, replacing the cell phone service for his entire family with

a single "landline," and obtaining internet service from a discount provider without depriving himself

of "ordinary and necessary" living expenses.  Further, Plaintiff does not dispute that at the time of

the hearing he had $5,088 in bank accounts as well as significant equity in the home that he owned

jointly with his estranged wife.

Plaintiff argued to the Appeals Council and again presently that following the administrative

decision, he divorced, took his portion of the house sale proceeds, and moved into an apartment

(Tr. 6). However, this Court cannot grant the requested relief for two reasons. First, under the

applicable regulation, the ALJ's consideration was limited to Plaintiff's "current economic

circumstances only." *Audet v. Astrue,* 2009 WL 1664598, \*5 (D.Neb.2009)(*citing* 20 C.F.R. §

---

[4] Repayment is considered against equity and good conscience "'if an individual, because of a notice that such payment would be made or by reason of the incorrect payment, relinquished a valuable right ... or changed his or her position for the worse.'" *Valley,* 427 F.3d at 391 (*citing* 20 C.F.R. § 404.509).  Plaintiff, arguing exclusively that he is unable to afford to repay the overpayment, does not allege that he relinquished a right or changed positions in reliance on the overpayment.

404.508(b)).  *See also Valley, supra,* 427 F.3d at 392 ("Any speculation regarding [the plaintiff's] future needs would not outweigh the substantial evidence supporting the ALJ's conclusion that [he] has sufficient means to repay the Administration" at the time of the administrative decision.")

Second, as noted by the Appeals Council order of May 3, 2010, Plaintiff's contention that his situation has worsened since the hearing is unsupported by any documentation.  *See Pliley,* 892 F.2d 35, 39 (6th 1989).  Even assuming the truth of Plaintiff's statement that his situation has "worsened," he states in his motion to appoint counsel that his net worth is approximately $26,000 as of June 8, 2010.  *Docket #4* at pg. 2 of 2.   The ALJ's finding that he can presently begin installment payments of at least $200 each month does not defeat the purpose of the Act.[5]  Program Operations Manual System ("POMS") GN 02250.115.

## B.  Renewed Request for Waiver Due to a Change in Circumstance

As pointed out by Defendant, the ALJ's July 27, 2009 decision does not preclude Plaintiff from filing a renewed request for a waiver upon a change to his financial circumstances.  POMS GN 02201.019(A); POMS GN 02250.002(A)(1).  My recommendation to uphold the Commissioner's decision should not be read to discourage Plaintiff from making a renewed request if and when his assets dip below the threshold set forth by the SSA. *See* fn 5. Likewise, although Plaintiff's disability cessation is not at issue here, if he believes that his physical condition has worsened, he is not precluded from making a renewed disability claim. *Sizemore v. Secretary of Health & Human Services*, 865 F.2d 709, 712 (6th Cir.1988).

---

[5] Under POMS GN 02250.115, the individual's assets must dip below $3,000 ($5,000 if he is supporting one dependent and $5,600 if supporting two).  Assuming Plaintiff's two sons now qualify as dependents, requiring him to pay $200.00 in recovery of the overpayment would presently place him nowhere near the $5,600 threshold.

**CONCLUSION**

For these reasons, I recommend that Defendant's motion for summary judgment be GRANTED and Plaintiff's motion DENIED.

Any objections to this Report and Recommendation must be filed  within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. §636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Howard v. Secretary of HHS,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Secretary of HHS,* 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231,* 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than twenty (20) pages in length unless by motion and order such page limit is extended by the court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

                                                          R.  STEVEN WHALEN
                                                          UNITED STATES MAGISTRATE JUDGE

Dated:  June 7, 2011
_____

**CERTIFICATE OF SERVICE**

I hereby certify on June 7, 2011 that I electronically filed the foregoing paper with the Clerk of the Court sending notification of such filing to all counsel registered electronically. I hereby certify that a copy of this paper was mailed to the following non-registered ECF participants on June 7, 2011: **Gary** Reiser

                                        s/Michael E. Lang
                                        Deputy Clerk to
                                        Magistrate Judge R. Steven Whalen
                                        (313) 234-5217