UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**GARY REISER,**

        **Plaintiff,**                                    Case No. 10-12250
                                                                    HONORABLE DENISE PAGE HOOD

vs.

**MICHAEL J. ASTRUE,
COMMISSIONER OF
SOCIAL SECURITY,**

        **Defendant.**
_____/

**ORDER ACCEPTING REPORT AND RECOMMENDATION**

**I.**      **Introduction**

This matter is before the Court on Magistrate Judge R. Stephen Whalen's Report and Recommendation ("R & R"), dated June 7, 2011 **[Docket No. 17]**. On February 25, 2004, the Social Security Administration ("SSA") determined that Plaintiff was no longer disabled as of February 1, 2004 (Tr. 20). Plaintiff filed a request for an administrative hearing. On May 24, 2007, Administrative Law Judge ("ALJ") Thomas Walters issued a Notice of Decision upholding the decision of the SSA (Tr. 17-28). Plaintiff continued to receive disability benefits through the date of the administrative decision. On June 9, 2007 Plaintiff was notified that he had been overpaid a total of $40,254 from February 2004 to May 2007, and that he was required to repay that amount (Tr. 14-15). On July 27, 2009, ALJ Thomas L. English found that although Plaintiff was not at fault in "causing and accepting the overpayment" of disability benefits, recovery of the overpayment was "not against equity and good conscience." Therefore, Plaintiff was both obligated and able to pay back the overpayment (Tr. 16). Plaintiff filed suit in this

Court on June 8, 2010. On December 13, 2010 the Plaintiff submitted a letter, construed as a motion for summary judgment **[Docket No. 16]**. Defendant filed a cross motion for summary judgment on January 18, 2011 **[Docket No. 14]**. On June 7, 2011 the Magistrate Judge issued an R & R granting Defendant's motion for summary judgment and denying Plaintiff's motion for summary judgment. Plaintiff filed objections to the Magistrate Judge's R & R on June 20, 2011 **[Docket No. 18]**. The Defendant has not filed a response to Plaintiff's objections.

## II. Standard of Review

Judicial review of the Commissioner's decision is limited in scope to determining whether the findings of fact made by the Commissioner are supported by substantial evidence and deciding whether the Commissioner employed the proper legal criteria in reaching his or her conclusion. *Garner v. Heckler*, 745 F.2d 383 (6th Cir. 1984). The credibility of an administrative law judge ("ALJ") should not to be discarded lightly and should be accorded great deference. *Hardaway v. Secretary of Health and Human Services*, 823 F.2d 922, 928 (6th Cir. 1987). A district court's review of an ALJ decision is not *de novo* review. The district court may not resolve conflicts in the evidence nor decide questions of credibility. *Garner*, 745 F.2d at 397. The decision of the Commissioner must be upheld if supported by substantial evidence, even if the record might support a contrary decision. *Smith v. Secretary of HHS*, 893 F.2d 106, 108 (6th Cir. 1989). An administrative decision must be affirmed if supported by substantial evidence, even in the Court might arrive at a different conclusion. *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (quoting *Baker v. Heckler*, 730 F.2d 1147, 1150 (8th Cir. 1984).

To preserve the right to appeal the Magistrate Judge's recommendation, Plaintiff was obligated to file objections to the R & R within fourteen days of service. E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver without any further right to an

appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Plaintiff filed timely objections to the Magistrate Judge's recommendation on June 20, 2011.

    **B.**    **Summary Judgment**

Summary judgment is appropriate when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(c). The central inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52, 106 S.Ct. 2505, 2512, 91 L.Ed.2d 202 (1986). After adequate time for discovery and upon motion, Rule 56(c) mandates summary judgment against a party who fails to establish the existence of an element essential to that party's case and on which that party bears the burden of proof at trial. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 91, L.Ed.2d 265 (1986).

The movant has the initial burden of showing "the absence of a genuine issue of material fact." *Id.* at 323. Once the movant meet this burden, the non-movant must come forward with specific facts showing that there is a genuine issue for trial. *See Masushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 539 (1986). In making this determination, the court must examine the record as a whole by reviewing all pleadings, depositions, affidavits, and admissions on file, drawing all justifiable inferences in favor of the party opposing the motion." *Id.* at 255.

**III.**    **ANALYSIS**

Plaintiff objects to the Magistrate Judge's assessment that there is substantial evidence to support the finding of the ALJ. The ALJ concluded that requiring the Plaintiff to repay the

disability benefits would not defeat the purpose of the Act nor would it be against equity and good conscience because he is financially capable of reimbursing the overpayment by making $200 monthly installment payments (Tr. 16). The Social Security Act mandates that "there shall be no adjustment of payments to, or recovery by the United States from, any person who is without fault if such adjustment or recovery would defeat the purpose of [Title II of the Social Security Act] *or* would be against equity and good conscience." 42 U.S.C.A. § 404(b)(emphasis added). Recovery of an overpayment is against equity and good conscience where the individual "changed his or her position for the worse…or relinquished a valuable right…because of reliance upon a notice that a payment would be made or because of the overpayment itself." 20 C.F.R. § 404.509(a)(1). Consistent with the ALJ's finding, Defendant does not dispute that Plaintiff was "without fault in causing and accepting the overpayment" (Tr. 16 *citing* C.F.R. § 404.507).

      The Court agrees with the Magistrate Judge's assessment that there is substantial evidence to support the ALJ's conclusion that Plaintiff is capable of repaying the overpayment by making installment payments of at least $200 each month. The Court also agrees with the Magistrate Judge's finding that because Plaintiff argued exclusively that he is unable to repay the overpayment, and failed to argue that he relinquished a right or changed his position in reliance of the overpayment, requiring repayment of the overpayment is not against equity and good conscience.

      The repayment of the overpayment does not defeat the purpose of Title II of the Social Security Act ("Act"). ''[R]ecovery will defeat the purposes of Title II in (but is not limited to) situations where the person from whom recovery is sought needs substantially all of his current income… to meet current ordinary and necessary living expenses.'' 20 C.F.R. § 404.508(b). The ALJ concluded that Plaintiff was able repay the overpayment in installments of

4

at least $200 per month because Plaintiff spent over $200 every month on the "luxuries" of life, and therefore was not precluded from meeting his "current ordinary and necessary living expenses" (Tr. 209). *See Sierakowski v. Weinberger*, 504 F.2d 831, 835 (6th Cir. 1974) ("to require [Plaintiff] to repay the overpaid amounts in monthly installments would not deprive [Plaintiff ] or his family of ordinary and necessary living expenses" nor would it be against equity and good conscience and therefore "recovery of the overpayment may not be waived"). A decision of the ALJ "is supported by substantial evidence where a reasonable mind could find that the evidence is adequate to support the conclusion reached." *Valley v. Comm'r of Soc. Sec.*, 427 F.3d 388, 391 (6th Cir. 2005). At the time of the ALJ hearing the Plaintiff spent $63 for satellite television, $115 for cell phone service and $39 for broadband internet (Tr. 15). Plaintiff does not dispute that at the time of the hearing he had $5,088 in bank account and equity in the house he owns with his ex-wife.

At the time of the administrative hearing the ALJ wrongfully found that Plaintiff was paying $570 per month in life insurance. In Plaintiff's objection to the R & R he states that he is in fact paying $570 per year in life insurance. However, this finding does not preclude a finding that the ALJ's decision is supported by substantial evidence because, even with a $570 per year life insurance policy Plaintiff is still spending over $200 each month on "luxuries." A reasonable mind could find that the evidence of Plaintiff's expenses is adequate to support the conclusion reached by the ALJ.[1] The Court agrees with the Magistrate Judge's assessment that there is

---

[1] The Plaintiff also states that he is unable to work. ALJ Walter's found that Plaintiff remained capable of performing a significant number of jobs. However, the issue of Plaintiff's ability to work is not before the Court on substantial evidence review. The only Agency decision before the Court is ALJ English's decision relating to overpayment.

substantial evidence to support the finding of the ALJ and that repayment would not defeat the purpose of the Act.

The Plaintiff also argues that repayment of the disability benefit overpayment will result in the deterioration of his financial position. The Court agrees with the Magistrate Judge's finding that, because the ALJ's consideration is limited to the Plaintiff's current economic circumstances, and due to the fact that Plaintiff has failed to produce any documentation supporting his contention of future financial circumstances, the ALJ's finding that Plaintiff can presently begin monthly installment payments does not defeat the purpose of the Act. *See Valley* 427 F.3d at 392 (Any speculation regarding DIB recipient's future needs would not outweigh the substantial evidence supporting the ALJ's conclusion that DIB recipient has sufficient means to repay the Administration).

The ALJ's finding of Plaintiff's ability to repay the overpayment is based on Plaintiff's ability to afford the "luxuries" of life – it is not based on Plaintiff's ability to afford the basic necessities of life. *See Frasier v. Harris*, 495 F. Supp. 260, 263 (D. Colo. 1980) (Court found that repayment from Plaintiff's savings account would "leave her slightly more than $1,000 to meet ordinary and necessary living expenses and provide for emergency needs [and] [g]iven her *normal basic expenses* of about $315 per month, and her unemployed status, [Plaintiff] would be destitute within three to four months if obligated to repay the excess benefits she received through no fault of her own") (emphasis added). As the Magistrate Judge notes the ALJ's July 27, 2009 decision does not preclude Plaintiff from filing a renewed request for a waiver upon a change of his financial circumstances, nor is Plaintiff precluded from making a renewed disability claim. *Sizemore v. Secretary of Health & Human Services*, 865 F.2d 709, 712 (6th Cir. 1988). The Court agrees with the Magistrate Judge's assessment that the ALJ's conclusion that

Plaintiff is currently able to repay the overpayment without defeating the purpose of the Act is supported by substantial evidence.

Accordingly,

IT IS ORDERED that Magistrate Judge R. Steven Whalen's Report and Recommendation **[Docket No. 17, filed on June 7, 2011]** is ACCEPTED AND ADOPTED as this Court's findings and conclusions of law.

IT IS FURTHER ORDERED that Defendant's Motion for Summary Judgment **[Docket No. 14, filed on January 18, 2011]** is GRANTED.


S/Denise Page Hood
Denise Page Hood
United States District Judge


Dated: July 29, 2011


I hereby certify that a copy of the foregoing document was served upon counsel of record on July 29, 2011, by electronic and/or ordinary mail.


S/Johnetta Curry for LaShawn R. Saulsberry
Case Manager